## THE CASE OF JAMES M. ROGERS.

The statutes of *Massachusetts* incorporating banks in *Maine* and in force at the time of the separation, being recognized in the public statutes of *Maine*, for the regulation of banking corporations, are thereby become public statutes and may be proved by a printed copy.

ROGERS being convicted of uttering as true a certain false and counterfeit bill of the *Kennebec Bank*, with intent to defraud, &c.—now moved that the verdict be set aside and a new trial granted, because the Judge who presided at the trial admitted the *printed* law establishing that corporation to be read in evidence to prove the existence of the corporation, without proof of the loss of the original act, or the production of a certified copy,—though objected to by the prisoner.

*Orr* and *Fessenden*, in support of the motion, contended that the act incorporating the Bank was a private statute, and that the proof of it stood at common law, under the attestation of the Secretary of State. It is an act of the Commonwealth of *Massachusetts*. But the *Stat.* 1821. *ch.* 59. *sec.* 33. only authorizes the printed copies of the *laws of this State* to be used in evidence. And the act in question, though operating *in* this State, is not a law *of* this State, and so not within the provisions of the general statute.

*The Attorney General* doubted whether the objection ought, on any principles, to prevail, inasmuch as it was altogether technical, and substantial justice was already done by the verdict. 2 *Salk.* 644. *note a.* *Chitty's Crim. law*, 100, 535. 1 *Burr.* 54. 2 *Burr.* 665, 936.

But he insisted that a private act, recognized by a general law, was thus rendered a public act;—1 *Phil. Ev.* 220. *Bull. N. P.* 224. 2 *D. & E.* 569.—and that the statutes of *Massachusetts*, being so recognized by the Constitution of *Maine*, *Art.* 10. *sec.* 3. were thereby made public acts in this State. But if not, yet the *Stat.* 1821. *ch.* 59. must be understood to apply to all laws *in force* in this State, whether enacted before or after the separation.

*Per Curiam.* It is admitted that an act incorporating a bank-ing company is a private act; and in the case before us we have no proof that any *such* companies have been incorporated by the legislature of this State. We must therefore proceed on the ground that none such have been *so* incorporated.

But it is a principle of law that if a public statute in its lan-guage recognizes the existence of a private statute it thereby makes such private statute a public one, which Courts of justice must afterwards regard *as such. Samuel v. Evans,* 2 *D. & E.* 569, *Saxby v. Kirkus, cited in Bull. N. P.* 224. 7 *Bac. Abr. Stat. F. note.*

The *Stat.* 1821. *ch.* 143. provides that " if any *incorporated* " *bank within this State* shall refuse or neglect to pay on de-" mand any bill or bills by such bank issued,—such bank shall " be liable to pay to the holder of such bill or bills two per " cent. per month," &c. The third and fourth sections impose certain restrictions on *all the banks in the State* as to the form and amount of bills to be issued by them. The *Stat.* 1821. *ch.* 144. imposes a tax on *each and every bank in this State,* to be paid semi-annually,—points out the mode of enforcing its pay-ment,—and subjects *all the banks* to the performance of certain duties. The *Stat.* 1821. *ch.* 145. imposes further duties on the *several banks in this State.* So of the *Stat.* 1821. *ch.* 146.

Now according to the principle of law before stated, this Court is bound to take notice that there are banks established and in operation in this State, all of which being recognized by our statutes above quoted, must be considered as established by acts of a legislature authorized to enact them ; which acts, by such recognition, have become public statutes. · It is well known and admitted that Courts of law, and all persons are bound to take notice of a public statute, whether it be publish-ed or not. By looking at our constitution we learn that all laws enacted by the legislature of *Massachusetts,* and in force on the fifteenth day of *March,* 1820, should remain and be in force in this State until altered or repealed by our own legislature ;— and by examining the public general repealing act of 1821, *ch.* 180. we find that none of the acts of *Massachusetts* incorporat-ing banks now in existence and in operation in this State have been repealed. It results, therefore, that the *printed copy* of the

act of *Massachusetts* by which the *Kennebec* bank was incorporated was properly admitted in evidence to the jury, in the same manner and for the same purpose that printed copies of any public acts are read to a Court or jury.

*Motion overruled.*

NOTE. After this decision the prisoner filed a new motion to set aside the verdict, grounded on the subsequent discovery of a fact not known at the trial; viz.—that one of the jurors, before the trial, had expressed to divers persons his opinion that the prisoner was undoubtedly guilty of the offence charged in the indictment, and said that all the world would not convince him to the contrary. And this being proved, the Court granted the motion.